## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

WILLIAM B. WISE,

      Plaintiff,

v.                                                          Case No.  5:25-cv-91-MW/MJF

NURSE BRANON,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with two court orders and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On April 16, 2025, the undersigned ordered Plaintiff to pay the filing fee or file a properly completed motion for leave to proceed *in forma pauperis*. Doc. 4. The undersigned imposed a compliance deadline of May 15, 2025, and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. Plaintiff did not comply with that order.

Page 1 of 3

On May 30, 2025, the undersigned ordered Plaintiff to explain and show cause for his failure to comply with the undersigned's order of April 16, 2025. Doc. 5. The undersigned imposed a deadline of June 13, 2025, to comply and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. Plaintiff has not complied with that order.

## II.  DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1. A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). Plaintiff failed to comply with two court orders. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause.

## III.  CONCLUSION

Because Plaintiff failed to comply with court orders and failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this action without prejudice.

2.    **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>27th</u> day of June, 2025.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**